SAVOY, Judge.
This is an action in tort arising out of an accident which occurred on December 21, 1969, at approximately 7:15 o’clock P. M. on South First Street (also Louisiana Highway 13) in the City of Eunice, St. Landry Parish, Louisiana. The vehicles involved were a 1970 Kawasaki Motorcycle being driven by Lionel Miller, 15-year-old son of plaintiff, and a 1965 Oldsmobile being driven by Mrs. Claudia F. Castille and owned by herself and her husband, insured by defendant, Fidelity and Casualty Company of New York. Louisiana Highway 13 is the main north-south highway through Eunice, Louisiana.
At the time of the accident, Mrs. Castille was proceeding in a northerly direction on South First Street. In the car with Mrs. Castille was her four-year-old grandson. The Castille vehicle was approaching the intersection of South First and Laurel Streets (Laurel Street being U. S. Highway 190, the main highway going through Eunice in an east-west direction). Mrs. Castille, while proceeding north, had passed the intersection of South First and Walnut Streets, and was approaching the intersection of South First and Laurel Streets, the latter intersection being traffic controlled by a semaphore signal. Although it had previously rained, and the pavement was wet; it was clear at the time of the accident; the street was straight and level. Although the time was after the hours of darkness, the area in which the collision occurred was well lit. The lights on both vehicles were in proper operating order.
Plaintiff’s version of the accident is that Lionel Miller was proceeding north along South First Street at about 25 or 30 miles per hour when his motorcycle was struck violently from the rear by the Castille vehicle. On the other hand, defendant’s version of the accident is that as Mrs. Castille was proceeding north on South First Street, the motorcycle driven by Miller suddenly came from her left side directly into her path, making a collision inevitable.
Plaintiff sued to recover damages for property damage and personal injuries sustained by Miller on the basis that the accident was caused solely and proximately by the negligence of Mrs. Castille. Defendant answered substantially in the form of a general denial, and alleged the sole and proximate cause of the accident was the negligence of Miller. Alternatively, defendant alleged contributory negligence on the part of Lionel Miller. After the trial on the merits, the district court rendered judgment in favor of defendant, dismissing plaintiff’s suit. From this judgment, plaintiff has filed an appeal to this Court.
Plaintiff maintains that the district court erred in failing to find Mrs. Castille guilty of negligence, which was the sole proximate cause of the accident, and in failing to recognize and properly apply the principles of law to the effect that a following motorist (such as Mrs. Castille) is under the duty to exercise great care; and that a preceding motorist (such as Miller) is not required to anticipate the negligence of the *255 driver of a following vehicle. On the other hand, defendant maintains that the facts show that the accident occurred as a result of a sudden movement from the left side of Mrs. Castille’s vehicle by Miller’s motorcycle directly into her path, and that the law relative to the respective rights and duties of following and preceding vehicles would not apply to this factual situation. Defendant further maintains that the evidence sustained the finding of the district court as set forth in the judgment that “plaintiff has failed to prove his case by a preponderance of the evidence”. The district court did not give written reasons for its judgment.
The record shows that the accident occurred on December 21, 1969, at about 7:15 o’clock P.M. on South First Street in Eunice, Louisiana. South First Street is a straight, level, hard-surfaced street running in a north-south direction. Although it had evidently rained some time before the accident, causing the pavement to be wet at the time of the accident, the weather was clear, and it was not raining.
Just prior to the accident, the Castille vehicle was travelling in a northerly direction, and the collision occurred on South First Street at approximately the middle of the block between Laurel Street and Walnut Street, which intersects South First Street. There were no eyewitnesses capable of testifying relative to the accident other than young Miller and Mrs. Castille. The only other occupant of the Castille car being the grandson of Mrs. Castille, four years of age at the time of the accident.
Mr. Anthony Noble, a policeman for the City of Eunice, testified that he investigated the accident. He said Miller’s version of the accident was that he was proceeding north on South First Street and was struck in the rear by the Castille vehicle. He did not get Miller’s version of the accident at the scene, although the record is not clear as to when and where he talked with Miller. However, he did testify that at the scene of the accident Mrs. Castille told him that the boy (Miller) had come from the side and cut in front of her, and that it was her impression that the boy came out of the service station to her left. Noble testified that the hood of the Castille vehicle was damaged, and it was the rear of the motorcycle and handlebars that were damaged, and he thought some shock absorbers on the left side were also damaged. He did state that the physical damage “looked” like it came from the rear, although his testimony is somewhat uncertain in this respect.
John Bertinot, another policeman for the City of Eunice, testified that he was an investigating officer. He was unable to testify as to Miller’s version of the accident. However, he did state that Mrs. Castille, while at the scene of the accident, had stated that she felt the boy had come from the side of the service station and cut in front of her. He was unable to give any evidence as to the damage to the motorcycle.
Young Miller testified that he had left his parents’ home to °go get some ice cream, and his maximum speed on South First Street was 35 miles per hour. He slowed down to 25 or 30 miles per hour because the light at the intersection of First Street and Laurel was changing from green to yellow. At a point of approximately 65 or 70 yards from Laurel Street, he was struck from the rear. He said he was proceeding straight ahead and had not passed any vehicle, and that he didn’t hear or see any indication that the car was coming up behind him. His explanation for this was that when he slowed the motorcycle down a “fluttering” sound resulted, which would have kept him from hearing the approaching vehicle. His explanation relative to the fact that he did not see or observe any lights from the car approaching from the rear was due to the fact that the area was well lit. He testified that there was a very violent impact, and his safety helment flew off his head. That was the last thing he remembered until he came to in the emergency room.
*256 Mrs. Castille testified that immediately prior to the accident, she was proceeding northerly on South First Street at approximately 25 miles per hour. She heard a noise which sounded to her like a motorcycle taking off. This noise appeared to be right next to her car on the left side, and the next thing she knew she hit a motorcycle, and she immediately hit her brakes. She was positive that the Miller motorcycle was not in front of her prior to the accident, and that the left front of her automobile came into contact with the right side of the motorcycle. She testified that the motorcycle might have come from the filling station on the left side, and the reason she didn’t see it before the impact was due to the fact that the motorcycle came from her left side. She placed the point of impact on the left front of her hood.
Stephen Castille, Mrs. Castille’s son, testified that he arrived at the accident scene about four or five minutes after receiving a telephone call at her parents’ house, which was about eight blocks from the scene. The motorcycle was still in the street. He looked at the automobile and the motorcycle and substantiated the fact that the damage to Mrs. Castille’s vehicle was on the left front of the automobile. He checked the motorcycle, and according to him, the gas tank was dented on the right side, and gasoline was leaking out. He examined the rear fender of the motorcycle, and it was not damaged.
Thus, we have a direct and irreconcilable difference in plaintiff’s and defendant’s version of the accident.
Plaintiff maintains that inasmuch as the Castille vehicle was a following or trailing vehicle, there was a duty on Mrs. Castille to exercise great or extraordinary care," and cites as authority, LSA-R.S. 32:81, paragraph A, which provides:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
Plaintiff further cites authority relative to the duty of the leading vehicle to the following vehicle, stating in effect, that the driver of a leading vehicle has no duty to the following driver, and has the right to assume that there is no other vehicle in close proximity to his rear, or if there is one there, it is under such control as to not interfere with his free use of the road in any lawful manner.
In the cases cited by plaintiff, however, it was firmly established factually that both vehicles in question were proceeding in the same direction when the lead vehicle was struck from behind by the following vehicle. However, in the case at hand, the status and relative position of the two vehicles is the principal issue in the case. Plaintiff vigorously asserts that the motorcycle was struck from the rear while proceeding in the same direction as the following Castille vehicle. On the other hand, defendant, with equal vigor, maintains that plaintiff’s motorcycle was not in front of Mrs. Castille as she drove down the street, but on the contrary, cut across her path from the left side.
The only eyewitnesses to the accident were the drivers of the respective vehicles. They presented two sharply conflicting versions of how the accident occurred. It would appear to us that defendant’s version of the accident is more plausible under the facts as we understand them. Miller testified he was going 25 to 30 miles an hour prior to the accident, and for Mrs. Castille to have hit him in the rear, she would have to have been going considerably faster than him, and there is nothing in the record to indicate that such was the case. In any event, however, there was ample direct evidence to support defendant’s version of the accident, which was accepted by the district court.
In such cases as this one, where the issue is purely one of fact, and there is conflicting testimony, the district court is in a *257 better position than the Court of Appeal to observe the demeanor of the witnesses and to evaluate their testimony. The district court found that plaintiff had failed to prove his case by a preponderance of the evidence. From the facts in this case, this Court finds no manifest error and will accordingly uphold the judgment of the district court.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are assessed against plaintiff.
Affirmed.